**Scott B. LAKIN, Director, Department of Insurance, State of Missouri, Respondent,**

v.

**GENERAL AMERICAN MUTUAL HOLDING COMPANY, Defendant; Metropolitan Life Insurance Company, Appellant.**

**No. WD 59030.**

Missouri Court of Appeals, Western District.

Sept. 25, 2001.

Lewis E. Melahn, Jefferson City, MO, Attorney for Appellant, Metropolitan Life Insurance Company.

Albert Reiderer, II, Kansas City, MO, Attorney for Defendant General American Mutual Holding Company.

Albert Riederer, II, John C. Craft, Co-Counsel, Kansas City, MO, Attorneys for Respondent Scott Lakin.

Before LOWENSTEIN, P.J., NEWTON, J. and KENNEDY, S.J.

LOWENSTEIN, Presiding Judge.

This action is for declaratory judgment. The appeal concerns the applicability of § 375.630.4, RSMo 2000 (part of the Insurance Code which sets out a shorter period of time for finality of judgments than as set out in § 512.020, the general statute on finality of judgments), to a judgment confirming a plan of reorganization for General American Mutual Holding Company ("GAMHC"). At the heart of this appeal is the question as to which of two dates a judgment involving the sale of all the stock in a Missouri insurance company in rehabilitation became final. The facts, now set out, are not in dispute; however, the resolution of the legal question of finality renders a meaningful difference in the financial terms of the stock purchase contract.

**Background and Procedural History**

On August 26, 1999, Metropolitan Life Insurance Company ("MetLife") executed a Stock Purchase Agreement in which it agreed to purchase from GAMHC all issued and outstanding shares of GenAmerica Corporation ("GAC"). This agreement was executed in anticipation that GAMHC soon would be placed in rehabilitation. On September 17, 1999, GAMHC was placed in rehabilitation by the Cole County Circuit Court.

On November 10, 1999, the rehabilitation court approved a Plan of Reorganization for GAMHC, and by that judgment specifically approved the sale of GAC to MetLife under the Stock Purchase Agreement (which subsequently was amended twice).

The Stock Purchase Agreement contemplated that the closing of the sale and purchase of the shares "shall be .... on the second business day following the date on which all of the conditions set forth in Article IX shall have been satisfied." The date in question is here referred to as the Specified Date.

One condition of Article IX was that "[a]ny approvals or orders required in connection with the reorganization proceeding in order to permit the consummation of the transactions contemplated by this agreement shall have been obtained, *and* (i) such approvals or orders shall have become final and nonappealable" (emphasis added). The approvals mentioned here were required from various states and countries in addition to Missouri. On Friday, December 10, 1999, the last approval contemplated in Article IX was received (from Canada). Two business days later was December 14, 1999.

On January 6, 2000, MetLife and GAMHC amended the Stock Purchase Agreement and agreed that promptly following the closing of the transaction, buyer and seller would submit to the rehabilitation court for its determination of the Specified Date.

The dispute in the rehabilitation court and here primarily concerns what the correct Specified Date was for the transactions contemplated by the Stock Purchase Agreement. In other words, the question arose as to when the judgment was final. Citing § 512.020, RSMo.,[1] the general statute relating to appeals, Appellant MetLife argues that the Specified Date was thirty days after the November 10 Judgment Confirming Plan of Reorganization ("Plan Confirmation Judgment") became final, plus ten days during which any aggrieved party would have to file a notice of appeal, plus two business days thereafter. That would mean the Specified Date was December 23, 1999.

---

1. All further statutory references are to the Revised Statutes of Missouri, 2000.

Respondent Director of Insurance [2] argues that the Specified Date was December 14, 1999, reasoning that the November 10 judgment became final on November 15, citing § 375.630.4. That provision states that in cases concerning insurance companies, if a finding is in favor of a plaintiff, the decree or judgment becomes final the same as in other civil cases, except that the notice of appeal must be made within five days after the judgment. Thus, Respondent argues that the November 10 judgment was final on November 15, and the last remaining contingency was removed on December 10, 1999 (when the last approval was received from Canada), and thus the Specified Date was two business days later, which was December 14, 1999.

The parties agreed to submit to the rehabilitation court the question of when the Specified Date occurred. The court entered a judgment adopting Respondent's argument. MetLife appealed. Summarized, the questions are whether the rehabilitation court correctly determined the Specified Date and whether § 375.630.4 is in conflict with Rules 81.05(a) and 81.04(a).

At oral argument, this court questioned its jurisdiction because the record did not indicate that MetLife was a party initially or that it had ever become a party. Therefore, after having solicited additional briefing on whether MetLife was a proper party to this case, this court entered an order remanding the case to the rehabilitation court for a decision on whether intervention was appropriate. Additional briefing was solicited because it is the court's duty to examine *sua sponte* its jurisdiction. *Caldwell v. Heritage House Realty, Inc.,* 32 S.W.3d 773, 777 (Mo.App.2000). "The right of appeal is created by statute; there is no right to an appeal without underlying

statutory authority." *Jackson County Bd. of Election Comm'rs v. Paluka,* 13 S.W.3d 684, 687 (Mo.App.2000). The governing statute says that "[a]ny *party* to a suit aggrieved by any judgment of any trial court in any civil cause .... may take his appeal to a court having appellate jurisdiction." § 512.020. (emphasis added).

On remand for the limited purpose of permitting intervention, the rehabilitation court ordered intervention effective March 20, 2000. Upon receipt of a supplemental legal file indicating that the rehabilitation court had granted MetLife's motion for intervention, this court now considers the merits of the case.

## Analysis

### I.

■ Appellant MetLife argues first that the rehabilitation court erred in determining the closing of the transactions completed by the Stock Purchase Agreement occurred on December 14, 1999, because § 375.630 did not apply to the November 10, 1999, Plan Confirmation Judgment. In this point, MetLife makes four arguments: 1) that read in whole and in conjunction with chapter 375, § 375.630 does not render a judgment confirming a plan of reorganization final and non-appealable within five days of entry; 2) that legislative intent indicates that § 375.630 does not apply to a judgment confirming a plan of reorganization; 3) that public policy favors construing § 375.630 so as not to limit the time for appeal; and 4) that concepts of fundamental fairness and due process support limiting the application of § 375.630.

■ When reviewing a declaratory judgment, the standard of review is the same as other court-tried cases. *Guyer v. City of Kirkwood,* 38 S.W.3d 412, 413 (Mo.

**2.** At the beginning of the rehabilitation suit, Missouri's Director of Insurance was Keith Wenzel. Wenzel was succeeded by Scott B. Lakin; he is now listed as the Respondent.

banc 2001). As such, the trial court's decision will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* (quoting *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). However, review of legal determinations is de novo. *Vocational Servs., Inc. v. Developmental Disabilities Res. Bd.,* 5 S.W.3d 625, 629 (Mo. App.1999).

"Issues involving the interpretation of statutory language are questions of law, not judicial discretion." *Petet v. State, Dept. of Soc. Servs.,* 32 S.W.3d 818, 822 (Mo.App.2000). "In cases involving questions of law, this court reviews the trial court's determination independently, without deference to that court's conclusions." *Craven v. State ex rel. Premium Standard Farms, Inc.,* 19 S.W.3d 160, 163 (Mo.App. 2000).

■ Stated another way, MetLife's first sub-argument under its first point is that a careful reading of 375.630,[3] in whole and in conjunction with preceding sections, reveals that § 375.630.4 was intended to apply only to judgments entered in connection with a ruling on the delinquency of the insurer and is limited in its application to the rehabilitator and the insolvent insurer. Under this theory, the appellant would not be bound by the five-day appeal time limitation set forth in § 375.630.4 because MetLife was neither a "plaintiff" nor a "defendant" in the underlying delinquency action as contemplated by the subsection in question.

MetLife reasons that a short appeals time limitation cannot apply to a Plan Confirmation Judgment because only a "plaintiff" or "defendant" would appeal under that section, and the appeal would arise from a delinquency proceeding where the plaintiff was the director of insurance and the defendant was the insolvent insurer. In short, the appellant deconstructs § 375.630.4, noting that the only parties mentioned are the "plaintiff" and the "defendant," and there is no provision for other concerned parties, such as policyholders and creditors.

The respondent argues that because of a 1992 amendment to § 375.630.4, the five-day limitation period for appeals applies to the case at hand. Specifically, the respondent notes that the statute now includes broad language indicating that the short limitation period applies to "orders, decrees and judgments as are allowed by sections 375.1150 to 375.1246." The respondent further argues that the judgment in question, the Plan Confirmation Judgment, is authorized under § 375.1168 and thus expressly falls within the ambit of the five-day time limitation period.

Both parties argue that a plain-language reading of the statute supports their interpretation: MetLife relies on the language of § 375.470.4 to argue that the subsection applies only to a "plaintiff" or a "defendant," while the Respondent argues that the broad language renders the statute

---

3. Sections 375.630.3 and 375.630.4 read as follows:

 3. If the finding be for the defendant, it shall be lawful for the director to appeal the case.

 4. If the finding be for the plaintiff, the court shall render such orders, decrees and judgments as are allowed by sections 375.1150 to 375.1246. Such decree or judgment shall, for all purposes of an appeal, be considered a final judgment, and the defendant may appeal from the same as in other civil cases; provided, the appeal be prayed for and perfected within five days after such judgment, and that the bond shall be for such an amount as the court may fix; and provided, that no appeal nor supersedeas bond shall operate as a dissolution of the order of the court.

applicable to this judgment. Quite frankly, the statute is confusing and neither argument is devoid of merit.

■ In resolving this dispute, this court finds instructive *In re Transit Casualty Co.*, 43 S.W.3d 293 (Mo. banc 2001), a rehabilitation case brought by the director of insurance against an insolvent insurance company, Transit Casualty Co. In *Transit*, the Pulitzer Publishing Company intervened for the sole purpose of unsealing court records relating to the salary and bonuses of the special deputy receiver. The trial court denied Pulitzer's request, and Pulitzer appealed. The Supreme Court of Missouri reversed and remanded. One issue, which is collaterally applicable here, was whether the trial court's judgment was final. Instead of looking to the general statute relating to appeals, § 512.020, the Supreme Court examined chapter 375. It held that § 375.630.4 governs the determination of when a finding in the context of delinquency proceedings is final. *Id.* at 299. The Court then noted: "Though the section goes on to specifically grant a right to appeal to the insolvent insurer (the defendant), *it does not prohibit others aggrieved by final judgment under sections 375.1150 to 375.1246 from appealing under section 512.020.*" *Id.* (emphasis added).

From this language, it is clear that the Supreme Court's interpretation allows for appeals under § 512.020 in connection with delinquency proceedings for parties other than the Department of Insurance or the insolvent insurer. Pulitzer, as an intervenor, was neither a plaintiff nor a defendant in Transit's underlying receivership action. In the case at hand, MetLife, as a purchaser of the GAC stock, is neither a plaintiff nor a defendant in GAMHC's underlying receivership action.

However, unlike Pulitzer, MetLife cannot reap the benefit of the longer, general appeals statute because it was not a party to the underlying receivership action such that it could have been aggrieved. Indeed, when the rehabilitation court granted MetLife's belated motion to intervene, the rehabilitation court branded the effective date at March 20, 2000, which was several months after the November 10, 1999, Plan Confirmation Judgment was entered. Other than the Director of Insurance and the insolvent GAMHC, no additional entity was party to the action, not even MetLife. No one could have appealed the judgment under § 512.020. As such, in this case, the Plan Confirmation Judgment was final and non-appealable five days after it was entered pursuant to § 375.530.4. Therefore, under the contract the Specified Date was December 14, 1999.

Because of the recent *Transit* opinion and because of the legislative amendment expanding the judgments to which § 375.530.4 applies, the additional cases cited by MetLife need not be addressed. Moreover, this point involves only a hypothetical appeal and MetLife's correct statement that appeals statutes are to be construed liberally is likewise moot because this court is not holding that a third party could never appeal under § 512.020, but rather that there was no third party in this case who could have appealed under that statute.

This point is denied.

## II.

Appellant MetLife's offers its second point as an alternative to its first. Here the appellant argues that even if § 375.630.4 and not § 512.020 applies to its appeal, then § 375.630.4 should be declared inconsistent with Rules 81.04 and 81.05 because Supreme Court Rules supercede inconsistent statutes. As such, the appellant argues that the rehabilitation

court erred in determining that the closing of the transactions contemplated by the Stock Purchase Agreement occurred on December 14, 1999, instead of December 23, 1999, because Rules 81.05(a) and 81.04(a) provide that a judgment becomes final thirty days after entry and is non-appealable ten days thereafter.

Because this court here determined that under *Transit*, § 512.020 and not § 375.630.4 applies to the Plan Confirmation Judgment, this point is moot and therefore is denied.

Judgment affirmed.

NEWTON, J. and KENNEDY, Sr. Judge concur.