**Carol NACHBAR, Plaintiff–Respondent,**

v.

**Robert N. DUNCAN, Defendant–Appellant,**

and

**Kathryn Duncan, Defendant.**

**No. 25303.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 27, 2003.

---

J.L. Jones, William H. McDonald & Associates, Springfield, MO, for Appellant.

Richard L. Schnake, Brian K. Asberry, Neale & Newman, L.L.P., Springfield, MO, for Respondent.

JAMES K. PREWITT, Judge.

Robert Duncan ("Appellant"), appeals the judgment of the trial court in favor of Carol Nachbar ("Respondent"), on her claim for replevin and collection following default on certain payments owed by Appellant on promissory notes negotiated by the parties to this action. The trial court ordered Appellant, individually, to pay to Respondent $12,232.04 and later amended the judgment to include an additional $1,000 for attorney fees as provided in the parties' contract.

In 1999, Appellant and his wife, Kathryn Duncan, responded to a published advertisement by Respondent for the lease-purchase of a home. Because of certain difficulties in qualifying for financing, Respondent ultimately sold the house to the Duncans under a contract for deed. They were to live there one year and then obtain traditional financing for the purchase of the home.

On June 29, 1999, Appellant executed a promissory note in the amount of $15,035.81 to Respondent, representing the amount Appellant owed on a 1994 truck loan. Respondent testified that she had paid off the debt Appellant owed on the truck "[t]o get his debt to [income?] ratio guidelines in line ... [s]o he could qualify for regular financing." As a part of that transaction, Appellant agreed to make monthly payments of $305.75 per month until a certain "maturity date," after which date all indebtedness would become due.

It was on this note that Respondent filed suit on May 30, 2002, alleging an indebtedness of $15,035.81 and requesting that the court order delivery and sale of the 1994 truck which secured the note dated June 29, 1999. No responsive pleadings were filed by Appellant.

At trial on September 4, 2002, Respondent appeared with counsel. Appellant and his wife appeared and represented themselves. At that time, Respondent alleged Appellant and Mrs. Duncan had defaulted on payments due her in the amount of $12,232.04. Respondent testified that the amended figure was the result of various other loans she made to Appellant minus credits for payments made by Appellant. Respondent filed with the court an exhibit denominated "Calculation of Damages Due Carol Nachbar by Duncans," which included purported loans she made to the Duncans, including the payment of a debt owed by the Duncans to Heilig Myers, payment of a homeowner insurance premium, costs for carpeting, and a loan to cover closing costs on a subsequent home the Duncans purchased.

Appellant testified, alleging that he had "always dealt with" Gaston Van Lingen, whom Respondent described as her "assistant" and "sales agent." Appellant alleged that he had made certain payments in cash to Van Lingen, at Van Lingen's request, and that he did not believe that he owed Respondent as much as she claimed. However, Appellant provided no documentation to support his claim that Respondent had failed to credit him for payments he had paid in cash to Van Lingen, nor could he state an amount he believed accurately reflected what was due and owing to Respondent.

In rebuttal, Respondent stated that there had been instances when she had received cash payments from Van Lingen on behalf of Appellant, but she had properly credited those to Appellant, applying any credits towards the mortgage first.

The trial court found for Respondent and against Appellant, individually, and ordered Appellant to pay $12,232.04. The judgment was later amended on September 24, 2002, to include an additional $1,000.00 for attorney fees.

Appellant presents one point relied on alleging "[t]he trial court erred in its application of Missouri Rule of Civil Procedure 52.04 by entering judgment against the Appellant without first joining Gaston Van Lingen as a party in the action." Appellant contends that without joining Van Lingen, "complete relief could not be accorded among those already parties," and that "unnecessary relitigation is exactly what will result." Appellant further asserts that he "has been prejudiced by his inability to examine Gaston Van Lingen at trial."

■ Upon review, this Court must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Massey v. Long,* 608 S.W.2d 547, 549 (Mo.App.1980).

■ Rule 52.04 provides for "Joinder of Persons Needed for Just Adjudication," stating:

> A person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of· the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

Rule 52.04(a).

■ "An action may proceed without a necessary party if joinder is unfeasible but not absent joinder of an indispensable party." *Williams Pipeline v. Allison & Alexander, Inc.,* 80 S.W.3d 829, 837 (Mo. App.2002). "A necessary person is one who is so vitally interested in the subject matter that a valid judgment cannot be effectively rendered without their presence." *Id.* "If a party is not a necessary party, it cannot be· an indispensable party." *Id.* "[I]nherent in a finding of non-joinder is a finding that there is someone else ... who is in a position to relitigate the same issues as were raised in the trial below."

*Skidmore v. Back,* 512 S.W.2d 223, 234 (Mo.App.1974).

It is necessary to point out that Appellant made no such contention that Van Lingen was a necessary party in any pleading or motion at trial, and Appellant failed to call Van Lingen as a witness at trial.

■ "In an action on a contract by one of the parties thereto, the only parties defendant who may be necessary are the other parties to the contract sued on, and those who have an interest in the dispute which will be affected by the action." *Ray v. Wooster,* 270 S.W.2d 743, 753 (Mo.1954). "In determining which parties are required to be before the court, consideration is given ... to the nature of· relief requested and the interests adjudicated." *Clark v. Fitzpatrick,* 801 S.W.2d 426, 429 (Mo.App.1990).

Here, the lender was Carol Nachbar. The borrower was Robert Duncan. Robert Duncan was the only signatory on the promissory note negotiated on June 29, 1999.

We conclude that Van Lingen was not a necessary party to this action. Therefore, any failure of the trial court to join him as a party *sua sponte* was neither error nor a violation of Rule 52.04. As the authorities above state, if he was not a necessary party, he is not an indispensable party. Point I is denied.

The judgment is affirmed.

BARNEY, P.J., and GARRISON, J., concur.