**BANK OF NEW YORK, as Trustee for the Certificateholders CWABS, Inc. Asset–Backed Certificates Series 2005–17, Plaintiff–Appellant,**

v.

**Ernest YONTS, Edith Yonts, LaKeS, L.L.C., David L. Benz, Latasha A. Benz, Joy L. Snow, Debra J. Snow, David Roderick, and Kathy Roderick, Defendants–Respondents.**

No. SD 31947.

Missouri Court of Appeals, Southern District, Division One.

Dec. 6, 2012.

Motion for Rehearing and Transfer Denied Dec. 31, 2012.

Michael J. Wambolt, Millsap & Singer, L.L.C., Leawood, KS, for Appellant.

Stuart H. King, Hosmer King & Royce, P.C., Springfield, MO, for Respondents.

GARY W. LYNCH, P.J.

In a three-count amended petition, Bank of New York ("Bank") sought (1) reformation of a deed of trust, (2) rescission of a foreclosure sale under that deed of trust, and (3) a declaratory judgment as to the effect of a tax sale after the foreclosure sale, all arising from an alleged incorrect legal description contained in the deed of trust due to a claimed mutual mistake. Ernest and Edith Yonts, David and Kathy Roderick, and LaKeS, L.L.C., defendants in the underlying action, moved for judgment on the pleadings pursuant to Rule 55.27(b), claiming that Bank's petition was "fatally flawed" in that Bank was not entitled to judgment as a matter of law for, among other reasons, rescission of the foreclosure sale was not available because the allegations in the petition established

that Bank could not restore the status quo if the sale was rescinded.[1] "For the reasons set forth in defendants' motion for judgment on the pleadings," the trial court sustained that motion and entered judgment in favor of the defendants and against Bank on "all claims." Bank timely appealed.

Bank raises two points challenging the trial court's judgment.[2] In its first point, Bank contends that its amended petition properly sets forth sufficient facts supporting all the elements of reformation, stated a claim for rescission, and stated a cause of action for declaratory judgment. In Point II, Bank claims that material issues of fact exist, precluding judgment on the pleadings. Finding that the allegations in Bank's amended petition establish that it is not entitled to rescission of the foreclosure sale and that the issue is dispositive of this appeal, we affirm.

### *Standard of Review*

On appeal from the trial court's grant of a motion for judgment on the pleadings, an appellate court reviews the plaintiff's petition to determine whether the facts pleaded are insufficient as a matter of law. *State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 134 (Mo. banc 2000). "Before the [trial] court can grant a motion for judgment on the pleadings, all averments in all pleadings must show no material issue of fact exists; that all that exists is a question of law." *Paragon Lawns, Inc. v.*

*Barefoot, Inc.*, 304 S.W.3d 298, 301 (Mo. App.2010) (internal quotation and citation omitted).

"We will affirm a judgment on the pleadings only 'if the facts pleaded by the [non-movant], together with the benefit of all reasonable inferences drawn therefrom, show that [the non-movant] could not prevail under any legal theory.'" *In re Marriage of Busch*, 310 S.W.3d 253, 260 (Mo. App.2010) (quoting *Messner v. Am. Union Ins. Co.*, 119 S.W.3d 642, 648 (Mo.App. 2003)). "Conversely, we will reverse if, on the face of the pleadings, an issue of fact exists, ... or if the allegations in the non-movant's pleadings show that the non-movant could prevail under some legal theory." *Marriage of Busch*, 310 S.W.3d at 260. A "motion for judgment on the pleadings contemplates a final judgment on the merits." *Id.* Where, as here, the defending parties are the moving parties for judgment on the pleadings, the allegations of Bank's petition are admitted for the purposes of deciding that motion. *Id.* Furthermore, in addition to considering the averments in Bank's pleadings as admitted, "matters quoted in, attached to, or [properly] incorporated by reference into the pleadings[ ]" are also considered. *Id.* Accordingly, Bank's pertinent factual allegations, as conceded by defendants for the purpose of considering their motions for judgment on the pleadings, are set forth as follows.

---

1. All rule references are to Missouri Court Rules (2012).

2. Both points fail to "explain in summary fashion why, in the context of the case, [the asserted] legal reasons support the claim of reversible error[,]" as required by Rule 84.04(d)(1)(C). This deficiency renders both points nothing more than abstract statements of law, which preserve nothing for appellate review. *Jones v. Jones*, 285 S.W.3d 356, 359 n. 5 (Mo.App.2009). "Notwithstanding non-

compliance with Rule 84.04, appellate courts may exercise discretion and attempt to resolve issues on their merits unless the defective point impedes disposition of the case on its merits." *Id.* (quoting *Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo.App.2006)). When considered in conjunction with Bank's arguments under each, the deficiencies in the points do not impede review of the case on the merits. We exercise our discretion to *ex gratia* address the issues raised.

## Factual and Procedural Background

On November 15, 2005, Ernest and Edith Yonts executed a deed of trust granting a security interest in a parcel of land situated in Webster County in favor of Countrywide Home Loans, Inc., as lender, with CTC Real Estate Services named as trustee. The deed of trust secured a promissory note in the principal amount of $82,650.00, also executed by the Yontses and dated that same date.[3]

The deed of trust set forth the following legal description of the encumbered parcel:

> All that certain parcel of land situate in the County of Webster, State of Missouri, being all of the South half of the Southeast quarter of the Northwest quarter of Section 27, Township 31, Range 18 lying West of right of way for Interstate 44, all being in Webster County Missouri. Tax ID: 6–8–27–0–0–4.00

According to the petition, this tract is "3.20 acres of unimproved land."

On August 29, 2007, Millsap & Singer, PC, was appointed successor trustee under the deed of trust by Bank, "in lieu and stead of CTC Real Estate Services, the original Trustee[.]" That assignment included the legal description of the 3.20–acre tract as set forth in the original deed of trust.

Following default in the Yontses' payment of several monthly installments on the promissory note, a foreclosure sale under the power of sale in the deed of trust was held on October 16, 2007, and Millsap & Singer, PC, executed a "Successor Trustee's Deed Under Foreclosure" conveying to Bank, as grantee, the real property as described in the deed of trust.

This deed recited that Bank "being the highest and best bidder for the sum of $88,797.50 [the 3.20 acre tract] was struck off and sold to said bidder at that price and sum."

By letter dated May 11, 2011, LaKeS, L.L.C., notified Millsap & Singer, P.C., and Bank of its purchase of the 3.20–acre tract at a delinquent tax sale held on August 23, 2010. LaKeS, L.L.C., further advised them of the right to redeem any legal interest within one year from the date of the tax sale. Bank did not redeem the property. On August 25, 2011, LaKeS, L.L.C., filed its collector's deed to the 3.20–acre tract with the Recorder of Deeds of Webster County.

Bank initially filed its Petition For Reformation And Rescission commencing this action on July 29, 2011, alleging mutual mistake in that the legal description on the Deed of Trust failed to reflect the true intent of all parties due to an error in drafting the deed of trust, which contained an incomplete legal description.

The Yontses and Rodericks moved to dismiss the action. LaKeS, L.L.C., separately filed its answer and counter-claim to quiet title to the 3.20–acre tract. LaKeS, L.L.C., alleged that Bank and successor trustee Millsap & Singer, L.L.C., were notified of their right to redeem "in accordance with Missouri law" following LaKeS, L.L.C.'s purchase at the tax sale held on August 23, 2010, and the time period for redemption had lapsed. The trial court thereafter sustained the Yontses' and Rodericks' joint motion to dismiss and granted Bank thirty days to file an amended petition.

---

**3.** The deed of trust and all deeds and other documents affecting title to real estate mentioned in this opinion were duly recorded in the Webster County Recorder's Office. Nei- ther the manner nor timing of recordation of any of these documents is pertinent to the issues in this appeal.

Bank's amended petition alleged that its action "concerns two parcels of real estate located in Webster County, Missouri." Bank claimed the first parcel "includes a home with the address 1667 Brinkley Road, Marshfield, Missouri 65706[.]" Bank sets out what it refers to as the "complete legal description" for this parcel and alleges that it contains 21.84 acres. The second parcel identified by Bank was the 3.20–acre tract.

Bank further alleged that the deed of trust was drafted in error and omitted the complete legal description of the property located at 1667 Brinkley Road, in that the parties "intended that the Deed of Trust would be secured by a 1 bedroom, 1 bath Bungalow style home located on 5 acres located at 1667 Brinkley Road, Marshfield, Missouri[.]" Bank refers to the home and five acres originally intended to be encumbered as the "Subject Property" without any further specificity as to its legal description, other than it is included within a 32.34–acre tract of land, the legal description of which was set forth in an appraisal report signed on November 9, 2005.

Bank also alleged that it was then the current holder of the deed of trust and promissory note executed by the Yontses and that Bank purchased the property described in the deed of trust after the note was foreclosed upon. The same parcel was later sold at a tax sale to LaKeS, L.L.C., who now "holds title to the unimproved 3.20 acres[.]" Bank also averred that the Snows and the Rodericks "may claim an interest in the Subject Property by way of a Quitclaim Deed[,]" and that LaKeS, L.L.C., also may claim an interest.

In its reformation count, Bank prayed for reformation of the deed of trust to include the "complete legal description," as Bank refers to the 21.84–acre tract, that the appointment of successor trustee filed with the recorder "be reformed so that it includes the complete legal description for the Subject Property[,]" and, further, that the deed of trust be "declared a first lien interest in all of the property described" in the 21.84–acre tract.

Bank also alleged "[t]hat the October 16, 2007[,] foreclosure sale was the result of a mutual mistake as [the] Deed of Trust ... contained an incomplete legal description of the Subject Property[.]" Bank requested that the sale be rescinded and "fee simple title to the real property referenced [by the legal description of the 21.84–acre tract] be vested in [the Yontses] subject to the Deed of Trust that was executed on November 25, 2005[.]"

In its request for declaratory relief, Bank alleged, "A judiciable controversy exists as Defendants claim Bank's title interest in the Subject Property was extinguished by the Collector's Deed" following the tax sale and issuance of the collector's deed, thus "Bank lacks an adequate legal remedy to address the effect of a tax sale on an unrelated and vacant lot on its title interest in an improved lot located at 1667 Brinkley Road, Marshfield ... and situated in" the 21.84–acre description. Bank requested that the trial court declare that the tax sale "shall not affect Bank[']s title interest in" the 21.84–acre tract, that the collector's deed "shall not extinguish Bank's interest in" the 21.84–acre tract, that "Bank shall have full fee simple title to the home and surrounding five acres located at 1667 Brinkley Road, ... and situated in" the 21.84–acre tract, and that the Successor Trustee's Deed Under Foreclosure represents "a valid, perfected first lien interest in the home and surrounding five acres located at 1667 Brinkley Road, ... and situated in" the 21.84–acre tract.

The Yontses and Rodericks moved for judgment on the pleadings, alleging that Bank's amended petition "is fatally flawed for at least three reasons." First, the

defendants alleged, Bank no longer holds any interest in the 3.20–acre tract, having failed to pay the taxes and subsequently redeem, and thus, the Yontses cannot be returned to the position they occupied at the time the deed of trust was executed. Second, the Snows, the Rodericks, and LaKeS, L.L.C., were not parties to the original deed of trust, and nowhere does Bank allege that they any had notice of the alleged mutual mistake before taking their interests. Third, Bank is no longer the current holder of the deed of trust and note, in that the note was paid in full on October 16, 2007, by the foreclosure sale proceeds; thus the deed of trust is a legal nullity in that it secures nothing.

LaKeS, L.L.C., joined the Yontses and Rodericks in their motion, further alleging that Bank's petition "should be dismissed as it fails to allege any basis for relief nor does it request any relief from the Defendant[ ] LaKeS, L.L.C." A hearing on the defendants' motions was held January 11, 2012, after which the trial court took the motions under advisement.

In its written judgment filed February 8, 2012, the trial court determined, "[f]or the reasons set forth in the defendants' motion for judgment on the pleadings," that "all defendants [were] entitled to judgment as a matter of law on the face of the pleadings" and judgment was entered in favor of defendants and against Bank "on all claims." Bank appealed.

### Discussion

Bank raises two points alleging the trial court erred in granting judgment on the pleadings. In its first point, Bank contends that its amended petition "sufficiently includes all necessary elements of a recognized cause of action." Accordingly, Bank's argument reviews its allegations in its petition that it purports supported its claims for reformation, rescission, and de-claratory judgment. In its second point, Bank claims that the trial court's judgment misapplies the law in that there are existing material issues of fact that preclude judgment on the pleadings. In its argument on this point, Bank identifies those fact issues as:

[ (1) ] [Bank's] status as a secured creditor with a title interest in the Subject Property; [ (2) ] the defect in drafting the legal description included in the Deed of Trust and the mutuality of said defect; and [ (3) ] the effect, if any, of the Collector's Deed on [Bank's] interest in the Secured Property where the Collector's Deed only affects a vacant parcel and [Bank's] loan documents evidence an intent to secure an improved parcel.

Both points fail to acknowledge or address that the allegations in its petition related to the tax sale demonstrate, without relying upon any of the alleged material issues of fact, that Bank, as a matter of law, was not entitled to rescission of the foreclosure sale.

As noted in *Davis v. Cleary Bldg. Corp.*, 143 S.W.3d 659, 667 (Mo.App.2004) (quoting *Schurtz v. Cushing*, 347 Mo. 113, 146 S.W.2d 591, 594 (1940)), " '[t]he books are full of decisions that if a party would rescind a contract for fraud or other cause, he must, as far as in his power, put the other party in the condition he would have been in had the contract not been made.' " This rule is premised upon two fundamental equitable principles that " 'he who seeks equity must do equity,' " and "to do equity, 'neither party will be materially enriched or materially impoverished' by the relief." *Davis,* 143 S.W.3d at 667 (quoting *Kesinger v. Burtrum,* 295 S.W.2d 605, 610 (Mo.App.1956)). Equity will not "relieve against a mistake when the party complaining had within his or her reach the means of determining the true state of things.... Equity aids the vigilant, not

those who slumber on their rights." *Thompson v. Chase Manhattan Mortg. Corp.*, 90 S.W.3d 194, 205 (Mo.App.2002).

Here, according to the allegations in Bank's amended petition, Bank purchased the 3.20–acre tract at the foreclosure sale on October 16, 2007, for $88,797.50 and acquired legal title to that tract through the Successor Trustee's Deed Under Foreclosure; that tract was then sold at a tax sale to LaKeS, L.L.C., on August 23, 2010; LaKeS, L.L.C., gave Bank notice of its right to redeem that tract on May 11, 2011; Bank filed this action on July 29, 2011, within the statutory one-year redemption period; and LaKeS, L.L.C., currently holds title to that tract "pursuant to a Collector's Deed recorded on August 25, 2011[.]" Bank makes no allegations in its amended petition of any irregularities in the tax sale nor seeks any relief from the tax sale other than a declaration that it does not affect any claim it may have on the 21.84–acre tract. In addition, the trial court entered judgment in favor LaKeS, L.L.C., and against Bank on LaKeS, L.L.C.'s counterclaim seeking to quiet its title to the 3.20–acre tract. Bank has not challenged that judgment on appeal. Based on these facts, it is impossible for Bank to restore legal title of the 3.20–acre track to the Yontses.

In its prayer for relief in its count for rescission, however, Bank seeks a judgment that the foreclosure sale be "set aside and declared to be null and void and of no effect" and that "the Successor Trustee's Deed Under Foreclosure" be "declared to be null and void and of no effect[.]"

Bank seeks to rescind the foreclosure sale but ignores that, because of its own admitted failure to pay the property taxes while it held legal title to the 3.20–acre tract or to redeem that tract following the tax sale, *see* section 140.340, RSMo Cum. Supp.2004, it placed itself in a position where it cannot "do equity" by restoring the Yontses to the status quo. *See Davis*, 143 S.W.3d at 667. Bank's amended petition alleges that the 3.20–acre tract is "unrelated" to the five-acre tract surrounding the house that was intended to be included in the deed of trust. Therefore, Bank's inactions that allowed a third party to acquire title to the 3.20–acre tract have wrongfully deprived the Yontses of their ownership of that tract of land. Bank's failure to preserve title to the 3.20–acre tract, while it was within its power to do so, has materially impoverished the Yontses.[4] *See Id.* Based upon the allegations in Bank's petition, it is not entitled to equitable relief by rescission of the foreclosure sale or the Successor Trustee's Deed Under Foreclosure.

The foreclosure sale proceeds of $88,797.50 exceeded the Yontses' debt of $82,650.00; therefore, Bank's lack of entitlement to rescission of the foreclosure sale makes any discussion or decision on the validity of Bank's counts to reform the deed of trust or for declaratory judgment moot.

### Decision

The trial court's judgment on the pleadings is affirmed.

4. Bank's argument that rescinding the foreclosure sale will not materially "impoverish any of the parties to this appeal as [Bank] does not seek ownership or title to the [3.20–acre tract] purchased by the Lakes, L.L.C.[,]" misses the mark and is incorrect. It fails to acknowledge or address the Yontses' total and complete loss of ownership of the 3.20–acre tract due to Bank's failure to pay the taxes on it and, more significantly, to redeem it after it was admittedly aware of the alleged mistake in the legal description in the deed of trust, as evidenced by its initial filing of this action.

NANCY STEFFEN RAHMEYER and WILLIAM W. FRANCIS, JR., JJ., concur.