

# Missouri Court of Appeals

### Southern District

### Division Two

DANNY HARNESS and FAYE SAVAGE, )
                                 )
      Plaintiffs-Respondents,      )
                                 )
vs.                                  )      No. SD32585
                                 )
JIM RICHARDSON, HAZEL THOMAS,   )      **Filed: January 14, 2014**
BETTY NICHOLS, MIKE PRITCHETT,   )
and RODNEY SANFORD,          )
                                 )
      Defendants-Appellants.      )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Mark E. Orr, Circuit Judge

**REVERSED AND REMANDED WITH INSTRUCTIONS**

This is an appeal from the trial court's decision in a declaratory judgment case. Danny Harness ("Harness") and Faye Savage ("Savage") (collectively, "Plaintiffs") sued Betty Nichols ("Nichols"), Mike Pritchett ("Pritchett"), Rodney Sanford ("Sanford"), Jim Richardson ("Richardson"), and Hazel Thomas ("Thomas") (collectively, "Defendants"). Plaintiffs alleged (1) Defendants were members of the board of directors of Treasure Lake R.V. Resort and Camping Club, Inc. ("Treasure Lake") and (2) Defendants' actions removing Harness and Savage from Treasure Lake's board of directors were illegal and unauthorized. Among other things, Plaintiffs sought (1) a declaration that the removals were null and void and (2) reinstatement to the Treasure Lake board of directors. The

defendants were all sued as individuals and not as members of the board of directors of Treasure Lake.  Even though the corporation, Treasure Lake, was never made a party to this action, the trial court granted the request to reinstate Plaintiffs to the board of directors of the corporation.  Defendants appeal, arguing, inter alia, that the trial court's judgment must be reversed based on the failure to join the corporation as a party.  We agree with the argument and reverse the trial court's judgment.

## Standard of Review

"When reviewing a declaratory judgment, the standard of review is the same as other court-tried cases." ***Jones v. Jones***, 285 S.W.3d 356, 359 (Mo. App. S.D. 2009).  "We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." ***Sterling Inv. Group, LLC v. Board of Managers of Brentwood Forest Condominium Ass'n***, 402 S.W.3d 95, 97 (Mo. App. E.D. 2013).

## Factual and Procedural Background

Treasure Lake is a Missouri not-for-profit corporation organized to operate a property for camping and recreation in Taney County, Missouri.  The management of Treasure Lake is vested in the board of directors by Treasure Lake's bylaws.  The bylaws provide for seven directors who are elected by a vote of the members to serve three year terms.

Harness was elected to be a member of the board of directors.  Savage was appointed by the board of directors to fill the vacant position of an elected

2

director.  The five Defendants and the two Plaintiffs comprised the board of directors during the relevant time periods.

On October 8, 2012, Richardson called a special meeting of the board of directors to be held on October 15, 2012.  At the meeting the board voted five to one to remove Harness for cause and voted five to zero to remove Savage for cause.

Harness filed a petition for declaratory relief on October 17, 2012.  The petition was later amended to add Savage as an additional plaintiff.  In the amended petition, Plaintiffs alleged Defendants' actions to remove them from the board were illegal and unauthorized.  Plaintiffs sought (1) a temporary restraining order prohibiting action by the Treasure Lake board of directors based on the removal of Plaintiffs, (2) a declaration that the removals were null and void, (3) reinstatement on the board of directors, (4) damages, (5) attorney's fees, and (6) costs.  The petition was brought against the Defendants solely in their individual capacities.  Treasure Lake was not included at any time as a defendant.

On October 19, 2012, Treasure Lake filed a motion to intervene.  The trial court never granted the corporation leave to intervene.  A temporary restraining order against the Defendants, individually and acting as board members of Treasure Lake, was entered on October 25, 2012.  On October 26, 2012, the board appointed two new members to replace Harness and Savage.  Because of the temporary restraining order, those board members attended meetings but did not vote.

3

A trial was held on January 16, 2013. Testimony was elicited that at the time of trial Nichols, Pritchett, and Sanford were no longer serving on the board. The only defendants who were still members of the board at the time of trial were Richardson and Thomas. Other individuals had either been elected or appointed to fill the vacancies caused by the departure of Nichols, Pritchett, and Sanford. No attempt was made to amend the amended petition to include these new members of the board of directors.

On February 14, 2013, the trial court entered judgment against Defendants, concluding:

> the vote taken by the Defendants as the [b]oard of [Treasure Lake] on 10/15/12 to remove Danny Harness was of no effect and did not remove him from the board. The vote taken by the Defendants as the [b]oard of [Treasure Lake] on 10/15/12 to remove Faye Savage was of no effect and did not remove Faye Savage from the board.

Costs were assessed against Defendants, and all other relief was denied. Defendants appealed.

## Discussion

While Defendants stated several points for reversal, the final point is dispositive. In Defendants' fourth point, they argue "[t]he trial court erred by ruling that the votes to remove Harness and Savage were void and of no effect, because an indispensable party is absent, in that [Treasure Lake] has a vital interest in the determination of who are and are not members of its [b]oard of [d]irectors, but it was never made a party to the lawsuit." In support, they cite Rule 52.04[1] and **Jones,** 285 S.W.3d 356. This argument has merit.

---

[1] All rule references are to Missouri Court Rules (2013).

4

Rule 87 governs declaratory actions.  Rule 87.04 provides "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."  Rule 87.04.  Furthermore, the joinder requirements of Rule 52.04 apply to declaratory judgment actions.  *Saladin v. Jennings*, 111 S.W.3d 435, 435 (Mo. App. E.D. 2003).

Analysis of joinder questions involves a two-part inquiry.  *See* *Sterling*, 402 S.W.3d at 98 (noting the appellants had conflated the two inquiries).  First, the court must determine if the missing party is a necessary party.  *Id.*; *Heitz v. Kunkel*, 879 S.W.2d 770, 771 (Mo. App. S.D. 1994).  If the missing party is a necessary party, the court must then determine whether the party is indispensable.  *Sterling*, 402 S.W.3d at 97.  If the missing party is a necessary party but has not been joined, the remedy is to join the missing party.  *State ex rel. Mayberry v. City of Rolla*, 970 S.W.2d 901, 908 (Mo. App. S.D. 1998).  If the missing party is both necessary and indispensable, the action must be dismissed.  *Bauer v. Board of Election Com'rs*, 198 S.W.3d 161, 164 (Mo. App. E.D. 2006).  Failure to join a party that is both necessary and indispensable is reversible error.  *Epstein v. Villa Dorado Condominium Ass'n, Inc.*, 316 S.W.3d 457, 461 (Mo. App. E.D. 2010).

Thus, the first issue that must be addressed in this case is whether a not-for-profit corporation is a necessary party in an action seeking a declaration that two directors be reinstated to the corporation's board of directors.  "A person is a necessary party if that person claims an interest relating to the subject of the

action and is so situated that the disposition of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect that interest." *Heitz*, 879 S.W.2d at 771. "An 'interest' demanding joinder is not merely consequential, remote, or conjectural, but rather a direct claim on the subject of the action such that the joined party will win or lose by operation of the judgment." *Sterling*, 402 S.W.3d at 97. Whether a party is necessary is governed by the test laid out in Rule 52.04(a). *Id.* Rule 52.04(a) states:

> A person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Rule 52.04(a).

Rule 52.04 was applied to a contest regarding who was the president of a not-for-profit corporation in *Jones*. In *Jones*, one putative president of the corporation filed a petition for declaratory judgment against the other putative president of the corporation. 285 S.W.3d at 358. The plaintiff wanted the trial court to declare (1) the defendant had been removed from her position and (2) that all the acts defendant had taken in that position were void. *Id.* at 359. The trial court granted the petition. *Id.* The defendant appealed and argued the trial court did not have authority to enter its judgment because the corporation was not a party to the action. *Id.* The appellate court found the corporation was a necessary party because it claimed an interest in the subject of the action "in that the judgment determines the identity of its directors and officers and the

6

judgment has the possibility of affecting the [c]orporation's dealings with third parties." *Id.* at 361.

Treasure Lake, like the corporation in *Jones*, is a Missouri not-for-profit corporation. Also, as in *Jones*, the result of this litigation, if determined favorably to Plaintiffs, could alter the composition of the group of people authorized to act on behalf of the corporation. Treasure Lake has a vital interest in the identity of its board of directors, so it is a necessary party to this litigation. *See id.*

The next question to be determined, then, is whether a not-for-profit corporation is an indispensable party in an action seeking a declaration that two directors should not have been removed from the corporation's board of directors and should be reinstated. The test for indispensability is stated in Rule 52.04(b). *Sterling*, 402 S.W.3d at 98. That rule states:

> If a person as described in Rule 52.04(a)(1) or Rule 52.04(a)(2) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent party being thus regarded as indispensable. The factors to be considered by the court include: (i) to what extent a judgment rendered in the person's absence might be prejudicial to that person or those already parties; (ii) the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (iii) whether a judgment rendered in the person's absence will be adequate; and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 52.04(b). Again, the *Jones* case is instructive. In *Jones*, the appellate court found the corporation was an indispensable party because the ruling impacted who controlled the corporation and its interactions with third parties. 285 S.W.3d 361-62.

Here, the board of directors is responsible for the management and affairs of Treasure Lake. Hence, just as the identity of the officers in *Jones* could affect the corporation's duties and relationships with third parties, Treasure Lake's relationship with third parties and with its members could be affected by the composition of its board of directors. Treasure Lake was an indispensable party.

## Conclusion

The trial court erred in failing to join Treasure Lake as a party to the litigation. The trial court's judgment is reversed in all respects, including the assessment of costs against Defendants. The case is remanded, and the trial court is instructed to either join Treasure Lake as a party or to dismiss the action.

MARY W. SHEFFIELD, J. - OPINION AUTHOR

JEFFREY W. BATES, P.J. - CONCURS

DON E. BURRELL, J. - CONCURS