Thomas E. BAUER, Appellant,

v.

**BOARD OF ELECTION COMMISSIONERS,**
Respondents.

**No. ED 86895.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 2006.

Charles R. Oldham, St. Louis, MO, for appellant.

Jerry Wamser, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

Thomas E. Bauer appeals from the denial of his request for declaratory judgment and injunctive relief in his challenge to a recall petition seeking his removal from office. However, because Mr. Bauer failed

---

3. Defendant did not raise Art I Section 11 as a defense; had he a dissent would have been compelled.

to join the City of St. Louis, an indispensable party to his constitutional attack on the Charter of the City of St. Louis, the circuit court's judgment was entered without jurisdiction and is void. Therefore, we reverse the judgment and remand the cause to the circuit court with directions to dismiss the action.

Mr. Bauer was the duly elected alderman representing the 24th ward of the City of St. Louis. A petition seeking a recall election to remove Mr. Bauer from office was filed at the office of the St. Louis City Board of Election Commissioners. Mr. Bauer subsequently filed a petition for declaratory and injunctive relief.[1] Mr. Bauer's requests for relief were all predicated upon a constitutional attack on Article III of the Charter of the City of St. Louis, which provides for the recall of elective officers.[2] Mr. Bauer contended

1. Mr. Bauer also filed a motion for a temporary restraining order and for a preliminary injunction to enjoin the defendants from certifying the sufficiency of the recall petition. This motion was denied.

2. Article III of the Charter of the City of St. Louis, in its entirety, is as follows:

**Article III   Recall of Elective Officers**

**Section 1   By whom exercised.**

Any elective officer may be recalled by the voters of the city, or if he shall have been elected by the voters of a ward or district, then by the voters of such ward or district, as hereinafter provided.

**Section 2   Petition—Percentage of voters required.**

A petition for such recall shall be signed by registered voters equal in number to twenty percent of all the registered voters of the city at the time of the last preceding regular mayoralty election; provided, that in such number shall be included twenty percent of the registered voters at said time in each of at least two-thirds of the wards of the city; provided further, that if the officer shall have been elected by the voters of a ward or district, the petition need be signed by only twenty percent of all the registered voters therein at the time of said mayoralty election.

**Section 3   Same—How signatures affixed.**

The signatures need not all be appended to one paper, but all papers comprising the petition shall be uniform in character and shall each be verified by affidavit stating that each signature thereto was made in affiant's presence by, as affiant verily believes, the person whose name it purports to be. Each signer shall state, opposite his signature, his residence address. Any person shall be deemed a registered voter whose name is unerased on the registration books.

**Section 4   Same—Contents.**

Each of the papers comprising the petition shall state the name and office of the officer whose recall is sought and ask for his recall before any signature is appended thereto.

**Section 5   Same—Filing and certification.**

All papers comprising the petition shall be assembled by the petitioners and filed with the board of election commissioners as one instrument, and within ten days thereafter said board shall find and certify as to the sufficiency of the petition, stating the number of registered voters signing. If the petition is certified to be insufficiently signed, supplemental papers conforming to the requirements for the originals may be filed within twenty days thereafter, and said board, within ten days after such supplements are filed, shall find and certify as to the sufficiency of the petition, so supplemented. If found still insufficiently signed, no further supplement shall be allowed, but a new petition may be filed.

**Section 6   Notification to officer.**

If such recall petition, with supplements, if any, be found sufficient, a certificate to that effect shall be mailed by said board to the officer, and if he does not resign within ten days after such mailing, said board shall provide for submitting the question of his recall at the first election at which it may lawfully be submitted, not less than thirty nor more than ninety days after such mailing, and if there is no such election, then at a special election to be held within such ninety days if legally possible, otherwise at the earliest day at which said question may be submitted at either a general or special election. Any such election, at any stage thereof, shall at once be discontinued upon the death, resignation or removal of the officer whose recall is in question.

that the charter provision violates Article VII, section 4 of the Missouri Constitution, which provides as follows:

**Section 4. Removal of officers not subject to impeachment.**—Except as provided in this constitution, all officers not subject to impeachment shall be subject to removal from office in the manner and for the causes provided by law.

Mr. Bauer contended that the charter provision violates the constitution because it provides for the recall of elected officials without requiring a statement of the reasons or cause for the recall. Mr. Bauer likewise argued that this constitutional provision mandates that recall petitions contain "for causes provided by law" language. The recall petition filed in this case did not contain a statement of the reason or cause for the recall.

Mr. Bauer sought a declaration that the charter provision was unconstitutional, and that a recall petition must contain "for causes as provided by law" language as grounds for the recall. He also requested that the trial court permanently enjoin the Board from certifying the sufficiency of the recall petition and from submitting the question of his recall to an election.

Named as defendants in the circuit-court proceeding were the St. Louis City Board of Election Commissioners, and three individual board members, sued in their official capacity. However, Mr. Bauer never named the City of St. Louis as a defendant. After the Board certified the recall petition, but prior to the recall election, the circuit court denied all relief requested by Mr. Bauer. Mr. Bauer now appeals.[3]

*Discussion*

■ At the outset, this Court is required to determine *sua sponte* whether we have jurisdiction of this appeal. *Lane v. Lensmeyer*, 158 S.W.3d 218, 222 (Mo. banc 2005) *citing Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Without jurisdiction, the appeal must be dismissed. *Id.* Our jurisdiction derives from that of the circuit court. *Bagsby v. Gehres*, 169 S.W.3d 543, 547 (Mo.App. E.D.2005). "If the trial court did not have jurisdiction over this action, any judgment entered thereon would be void, and we would have no jurisdiction except to reverse the judgment and remand the cause for dismissal." *Bagsby*, 169 S.W.3d at 547.

---

**Section 7 Form of ballot.**
The ballot shall state the proposition, "Shall (name of officer) be removed from the office of (name of office)?" and to the right thereof, in bold type, the words "yes" and "no," one above the other. To vote for the recall of said officer the voter shall strike out the word "no," and to vote against such recall, the word "yes." If the majority of the votes cast thereon at said election shall be in favor of such recall, the office shall be vacant five days thereafter.
**Section 8 Propositions to be separately submitted.**
No petition shall seek the recall of more than one officer, but several propositions for recall may be separately submitted at the same election on the same ballot.
**Section 9 Limitations on use.**
No recall petition shall be filed against any officer within the first six months or the

last six months of his term nor within six months after a proposition for his recall has been defeated at an election.

3. The Board of Election Commissioners certified the recall petition on July 25, 2005. A recall election was held on September 20, 2005, and Mr. Bauer was recalled. A special election was held on December 13, 2005, to fill the vacant post of Alderman for the 24th Ward. An individual by the name of William Waterhouse was elected. The Board argues that Mr. Bauer's case is moot because the steps he sought to prevent—namely certifying the sufficiency of the recall petition and submitting the question of his recall to an election—have all been taken by the election authority. Because the failure to join the City of St. Louis is fatal to the judgment, we do not reach the issue of mootness.

Both Section 527.110 RSMo 2000 and Rule 87.04 provide, in pertinent part, that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." [4] The statute and rule further mandate that "[i]n any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party...." This proceeding for declaratory judgment and injunctive relief was entirely predicated on a constitutional attack on the City Charter. The City of St. Louis, however, was not made a party to the proceeding.[5],[6] The City of St. Louis had an obvious interest in any judicial declaration regarding its charter, rendering it an indispensable party to the circuit-court proceeding. The presence of an indispensable party is a jurisdictional requirement. *See Eastern Missouri Laborers' District Council v. City of St. Louis*, 951 S.W.2d 654, 656 (Mo.App. E.D.1997). The failure to join the City of St. Louis as a party to the circuit-court proceeding is fatal to that court's judgment. *Id.* at 657. The circuit court's judgment was entered without jurisdiction and is void. Because the circuit court did not have jurisdiction over this action, we likewise have no jurisdiction except to reverse the judgment and remand the cause for dismissal. So ordered.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.

---

**4.** In their entirety, Section 527.110 RSMo and Rule 87.04 read as follows:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.

**5.** Mr. Bauer first notified the City of his action challenging the constitutionality of the City Charter during the pendency of this appeal. The City advised Mr. Bauer that it would not intervene in the matter. Because the City declined to intervene on appeal, Mr. Bauer argues that this Court has jurisdiction. However, we need not interpret the City's decision as Mr. Bauer does. The City may have simply declined to intervene on appeal because it correctly comprehended that the trial court's judgment was void and did not bind the City or, for that matter, anyone. In any case, appellate jurisdiction cannot be conferred by acquiescence or waiver. *In re Moreau*, 161 S.W.3d 402, 405 (Mo.App. S.D. 2005); *State ex rel. Wrenn v. Board of Zoning Adjustment of Kansas City*, 923 S.W.2d 423, 425 (Mo.App. W.D.1996).

**6.** We further note that Section 527.110 and Rule 87.04 mandate that when the constitutionality of a statute, municipal ordinance, or franchise is challenged, the state's Attorney General is to be served and is entitled to be heard. Here, however, Mr. Bauer alleged the City's charter provision was unconstitutional, yet did not serve the Missouri Attorney General with a copy of the petition in this case. Because the failure to join the City of St. Louis is fatal to the judgment, it is not necessary to consider the significance of the failure to serve the Attorney General.