

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| DEBRA S. PAULI AND STEVEN G. SPICER, | ) | No. ED101231 |
| | ) | |
| Appellants, | ) | Appeal from the St. Louis County Circuit Court |
| | ) | |
| vs. | ) | |
| | ) | Honorable Barbara W. Wallace |
| GWEN SPICER, | ) | |
| | ) | Filed: October 14, 2014 |
| Respondent. | ) | |

### Introduction

In this declaratory judgment action, Debra Pauli and Steven Spicer (Plaintiffs) seek to set aside as null and void the St. Louis Circuit Court's January 22, 2008 judgment (2008 judgment), which effectively quieted title to certain real property in Gwen Spicer (Defendant).[1] After a bench trial, the trial court entered a judgment in favor of Defendant, which denied Plaintiffs the declaratory relief requested and had the effect of making the 2008 judgment binding on Plaintiffs. Plaintiffs raise four points on appeal, claiming that the trial court's judgment is erroneous because: (1) Plaintiffs were "necessary and indispensable" parties to the prior quiet title action, but were never made parties to that lawsuit, and the 2008 judgment is, therefore, void; (2) Plaintiffs, as non-parties to the quiet title action, are not bound by the 2008 judgment

---

[1] "Plaintiffs" refers to both Debra Pauli and Steven Spicer. Otherwise, Plaintiffs are referred to individually as "Plaintiff Pauli" and "Plaintiff Spicer."

because they were neither identified nor served in that action; (3) the trial court entered the 2008 judgment against the Donald N. Spicer Revocable Living Trust (Trust), which is a "non-suable entity" and, thus, the 2008 judgment is void; and (4) the trial court erred by failing to rule on Plaintiff Pauli's request for findings of fact. Because Plaintiffs were necessary and indispensable parties to the prior quiet title action, but were never made parties to that action, the 2008 judgment is void. Accordingly, we reverse and remand.

**Factual Background**

Because the facts pertinent to this case have already been summarized in previous litigation, we quote the relevant portions of that background here:

> Several years after [Defendant] and Donald Spicer ("Donald") were married, they purchased real property located at 5367 Southview Hills Court in St. Louis, Missouri. Marital difficulties ensued, causing [Defendant] to move into a separate home, while Donald continued to reside on the property.

> On or about May 31, 2007, Donald executed a General Warranty Deed, purportedly conveying a one-half undivided interest in the property unto the [Trust] dated February 7, 2002. Donald died July 3, 2007, while he and [Defendant] were still lawfully married. Per the [T]rust provisions, [Plaintiff] . . . Spicer became the successor trustee of the trust. [*Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 467 (Mo. banc 2011) (footnote omitted) (hereinafter "*Spicer I.*").]

After Donald's death, counsel for the Trust held a meeting where counsel informed Plaintiffs and Defendant that Donald had conveyed his one-half interest in the marital home to the Trust.

*Prior Quiet Title Action*

Thereafter,

> [Defendant] filed a petition to quiet title on August 21, 2007, naming the [T]rust as the sole defendant. The petition, in essence, sought to have the deed canceled, alleging that [Defendant] and Donald had purchased the home as tenants by the entirety and, upon Donald's death, she lawfully became the sole and fee simple owner of the property. Further, [Defendant] maintained that she

had never executed a marital waiver, consent, conveyance or the like in connection with the property. Counsel [for the Trust] entered and filed an answer on the [T]rust's behalf, stipulating to the bulk of [Defendant]'s petition, but contending that the deed effectively operated as a unilateral termination of the tenancy by the entirety.

Three months later, [Defendant] filed a motion for summary judgment, praying that the deed be canceled . . . . The trial court granted [Defendant]'s motion on January 22, 2008, ordering the deed be canceled . . . .

Sixteen days later, the trustee [Plaintiff Spicer], who was not named in the pleadings, filed a "Motion of Trustee, Appearing by Special Appearance, to Set Aside Judgment and to Dismiss for Lack of Jurisdiction" . . . . [Plaintiff Spicer's] Motion asserted that "the only defendant before the [c]ourt is the [T]rust . . . ." As such, [Plaintiff Spicer's] Motion argued that the [T]rust was not a legal entity capable of being sued and that the failure to either name the trustee or the beneficiaries as parties, [*i.e*., Plaintiffs,] who the trustee alleged were necessary parties, was a jurisdictional defect in the case.

On February 25, 2008, 34 days after . . . entry [of the 2008 judgment], the court granted the Trustee's Motion to set aside [the 2008 judgment], but declined to dismiss the case for lack of jurisdiction. Additionally, the court ordered [Defendant] to amend her pleadings to include the trustee. After [Defendant] filed amended pleadings to include the trustee and certain beneficiaries of the trust, the case proceeded.

Just before trial was to commence, attorneys for both sides engaged in a series of settlement negotiations. Although a purported settlement was reached between the attorneys, [Defendant] denied its validity. [Plaintiff Spicer] and [other beneficiaries] filed a motion to enforce the alleged settlement. After an evidentiary hearing, the trial court found that the parties had reached a valid settlement. Accordingly, on June 24, 2009, the trial court ordered the parties to sign a consent order and judgment. [*Spicer I*, 336 S.W.3d at 467-68.]

*Spicer I*

Defendant appealed the trial court's June 24, 2009 judgment. The Supreme Court granted transfer and, in *Spicer I*, held that the 2008 judgment was the final judgment in the quiet title action and concluded that it must dismiss the appeal because that judgment was not timely appealed. *Spicer I*, 336 S.W.3d at 467. The Court explained that the trial court had no authority to set aside the 2008 judgment when it did so on February 25, 2008 because, at that point (more

3

than thirty days after entry of the 2008 judgment), the trial court had lost jurisdiction over the case. *Id.* at 470 (citing Rule 75.01 and 81.05(a)(1)). The Court rejected the claim that Plaintiff Spicer's motion to dismiss constituted an authorized after-trial motion that operated to extend the trial court's jurisdiction in excess of thirty days because, under the court rules, such motions must be filed by a *party*. *Spicer I*, 336 S.W.3d at 470. Because Plaintiff Spicer was not a party to the quiet title action, the Court concluded that Plaintiff Spicer's motion had not triggered the extension of jurisdiction permitted by Rule 81.05(a)(2), and the trial court's 2008 judgment became final after thirty days of its entry, making all orders entered thereafter void. *Spicer I*, 336 S.W.3d at 470-71. The Court also dismissed the appeal for lack of jurisdiction because notice of appeal from the 2008 judgment was filed in excess of a year after the judgment became final. *Id*. at 471-72.[2]

*Subsequent Declaratory Judgment Action*

Approximately one month after the Supreme Court's decision in *Spicer I*, Plaintiffs filed the instant declaratory judgment action seeking an order and judgment that the 2008 judgment is void and without force and effect.[3] The petition specifically alleged:

> 22. In [the prior quiet title] lawsuit, the trial court entered [the 2008 judgment] cancelling the deed from Donald . . . to the Trust.
>
> 23. At the time the [2008 judgment was] entered, only the Trust was a named party and defendant.
>
> 24. A trust is not a suable entity.

---

[2] After the Supreme Court issued its decision, Defendant's ancillary unlawful detainer action against Plaintiff Spicer, who had been residing in the home, proceeded to a jury trial in November 2011. The jury found in favor of Defendant and she was granted possession of the property. This Court affirmed the verdict by order and memorandum in November 2012.

[3] Plaintiffs' petition included four additional counts: (1) action to enforce the settlement agreement; (2) damages for breach of the settlement agreement; (3) stay of the proceedings, and (4) intentional interference with business expectancy. After a jury trial, a verdict was returned for Defendant on all these counts. The trial court reopened the case as to count I, declaratory judgment, which is the only count at issue on appeal.

25. Plaintiffs . . . were not parties to the lawsuit when the judgment was entered.

26. Plaintiffs . . . should have been parties to the lawsuit as they were necessary and indispensable parties.

27. The court realized the absence of the plaintiffs and set aside [the 2008 judgment] but by the time the trial court recognized its error, the trial court had lost jurisdiction to correct the erroneous judgment.

28. The . . . [2008 judgment] is null and void as a matter of law.

After a bench trial in January 2013, at which Plaintiffs and Defendant testified, the trial court denied Plaintiffs the requested relief. The trial court's judgment provided:

> Neither plaintiff was a party to the [2008 judgment]. Plaintiffs herein assert they have not had their day in Court regarding whether the General Warranty Deed . . . validly operated to give them an interest in the [subject] property. This exact issue was considered by Judge Ross in his [2008 judgment]. Judge Ross found the . . . General Warranty Deed could not operate to change the joint tenancy with right of survivorship character of the . . . property. Whether Plaintiffs could have had better legal representation, or put forward other arguments, is not before this Court. Their interests were by way of the Trust, and the Trust consented to the jurisdiction of Quiet Title action brought by [Defendant], and filed responses for it. The [2008] Judgment . . . was not a default judgment. Certainly Plaintiff . . . Spicer knew of the [2008] Judgment before it became final. The Court finds credible Plaintiff . . . Pauli also knew of the Judgment through her conversations with [Plaintiff Spicer]. Further, there is no indication the [2008] Judgment . . . was itself procured by fraud or deceit. Plaintiffs' claim they were not informed of the quiet title suit by [the Trust's] attorney . . . is not a reason to set aside the [2008] Judgment, but goes to a claim of adequacy of representation.

Plaintiffs appeal.

## Standard of Review

We review a trial court's decision in a declaratory judgment action under the standard established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Laclede County v. Douglass*, 43 S.W.3d 826, 827 (Mo. banc 2001). "[T]he trial court's decision should be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Guyer*

*v. City of Kirkwood*, 38 S.W.3d 412, 413 (Mo. banc 2001). "We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary." *Inman v. Missouri Dept. of Corr.*, 139 S.W.3d 180, 183 (Mo. App. W.D. 2004).

## Discussion

The central issue in this dispute is whether Plaintiffs are bound by the 2008 judgment, which a trial court entered in a prior litigation to which Plaintiffs were non-parties. To resolve this question, we must consider whether the 2008 judgment is void, or is merely erroneous such that a preclusion doctrine like res judicata or "virtual representation" would apply to bind Plaintiffs to the judgment. Indeed, Plaintiffs raise the same arguments they raised in *Spicer I*, which begs the question why the 2008 judgment would not act as a bar to preclude Plaintiffs from relitigating the exact same claims in the instant declaratory judgment action.

In denying Plaintiffs the requested declaratory relief, the trial court effectively held that the 2008 judgment was not void and that the 2008 judgment applied to Plaintiffs under the doctrine of virtual representation, a judge-made preclusion doctrine. *See KCAF Investors, L.L.C. v. Kansas City Downtown Streetcar Transp. Dev. Dist.*, 414 S.W.3d 470, 487 (Mo. App. W.D. 2013). Because preclusion doctrines do not generally apply to judgments that are void, the threshold question in this case is whether the trial court erroneously concluded that the 2008 judgment is not void. *See Berry v. Chitwood*, 362 S.W.2d 515, 517 (Mo. 1962) (a void judgment is not res judicata); *Worley v. Worley*, 19 S.W.3d 127, 130 (Mo. banc 2000) ("[A] void [judgment] . . . may be attacked collaterally."). We need only consider Plaintiffs' first point relied on to answer this question.

6

*Necessary and Indispensable Parties*

In their first point relied, Plaintiffs assert that the January 2008 judgment is void and unenforceable as to Plaintiffs because Plaintiffs, who were "necessary and indispensable parties" to the quiet title action, were non-parties to that action and the 2008 judgment was entered against only the non-suable Trust.[4] Defendant claims that the trial court did not err by denying Plaintiffs' request for declaratory relief because Plaintiffs were not necessary and indispensable parties to the prior quiet title suit.

When a "necessary and indispensable" party is not joined to an action, any subsequent judgment of the trial court in that action is void. *See Jones v. Jones*, 285 S.W.3d 356, 362 (Mo. App. S.D. 2009); *Bauer v. Bd. of Election Com'rs*, 198 S.W.3d 161, 164 (Mo. App. E.D. 2006). This is because "the presence of an indispensable party is a jurisdictional requirement" and the failure to join that party deprives the trial court of jurisdiction and renders the judgment a nullity. *Bauer*, 198 S.W.3d at 164. Contrary to Defendant's assertion that the Supreme Court rejected this category of jurisdictional competence in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), this rule is grounded in the "general principle of jurisprudence that one is not bound by a judgment *in personam* entered in litigation to which he was not designated as a party or made a party by service of process or entry of appearance." *Epstein v. Villa Dorado Condo. Ass'n*, 316 S.W.3d 457, 460 (Mo. App. E.D. 2010) (emphasis in original). As the Court explained in *Webb*, Missouri recognizes two types of jurisdiction, subject matter and personal jurisdiction, the latter of which "refers quite simply to the power of a court to require a person to

---

[4] While not dispositive, we agree with Plaintiff that the Trust is a non-suable entity that lacks the capacity to be sued. However, the Trust waived this defense in the prior quiet title action, which renders the 2008 judgment in this regard merely erroneous, not void. *See Thompson v. Koenen*, 396 S.W.3d 429, 435 (Mo. App. W.D. 2013) ("[A] trust is not a legal entity.") (citation and quotations omitted); *Indian Springs Owners Ass'n v. Greeves*, 277 S.W.3d 793, 798 (Mo. App. E.D. 2009) ("A claim that a party lacks capacity to sue is waived if it is not raised in a motion or responsive pleading in accordance with Rules 55.13 and 55.27(g)(1)(E).") (footnotes omitted).

respond to a legal proceeding that may affect the person's rights or interests." 275 S.W.3d at 252-53. When ongoing litigation does not join a necessary and indispensable party, a court lacks personal jurisdiction over that party and "the constitutional principle of due process bars it from affecting the rights and interests of [that] particular person." *See Epstein*, 316 S.W.3d at 460.

Turning to the crux of this matter, whether Plaintiffs were "necessary and indispensable" parties in the prior quiet title suit, involves an examination whether Plaintiffs were necessary and indispensable parties to that suit under Rule 52.04.[5] This inquiry involves two parts: (1) whether the missing party is a "necessary" party and if so, (2) whether the party is "indispensable."

Under Rule 52.04(a)(2)(i), "a necessary party is a person who claims an interest in the subject of the action such that the disposition of the action in his absence may impair or impede his ability to protect that interest." *Peasel v. Dunakey*, 279 S.W.3d 543, 545 (Mo. App. E.D. 2009). An "interest" that compels joinder is "not one which is merely consequential, remote or a conjectural possibility of being somehow affected by the result of an action." *Moschenross v. St.*

---

[5] The court rule provides:

> (a) Persons to Be Joined if Feasible. --A person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) *the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.
>
> (b) Determination by Court Whenever Joinder Not Feasible. --If a person as described in Rule 52.04(a)(1) or Rule 52.04(a)(2) *cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed* among the parties before it or *should be dismissed, the absent party being thus regarded as indispensable.* The factors to be considered by the court include: (i) to what extent a judgment rendered in the person's absence might be prejudicial to that person or those already parties; (ii) the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (iii) whether a judgment rendered in the person's absence will be adequate; and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. [Emphasis added.]

8

*Louis County*, 188 S.W.3d 13, 25 (Mo. App. E.D. 2006). "The interest at issue must be a direct claim upon the subject of the action such that the joined party will either gain or lose by direct operation of the judgment rendered." *Id.*

Only if a party is deemed necessary, does a court reach the second inquiry, *i.e.*, whether the party is also indispensable. "An indispensable party is a necessary party *who cannot feasibly be joined* at the time but whose absence is so critical that equity and good conscience will not permit the matter to proceed without him." *Peasel*, 279 S.W.3d at 545 (emphasis in original). This analysis, whether "equity and good conscience" would permit the action to proceed without the necessary party, requires consideration of the four factors listed in Rule 52.04(b):

> (i) to what extent a judgment rendered in the person's absence might be prejudicial to that person or those already parties; (ii) the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (iii) whether a judgment rendered in the person's absence will be adequate; and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

### a. Necessary Parties

With respect to the first inquiry, whether Plaintiffs were necessary parties to the prior quiet title action, this Court has recognized a general rule that "in suits involving trust property, both the trustee and beneficiaries are necessary parties." *Rosenfeld v. Thoele*, 28 S.W.3d 446, 451 n. 8 (Mo. App. E.D. 2000). Here, the prior quiet title action involved property that disputably vested in the Trust upon Donald's death. It follows, that under this general rule, Plaintiffs, as trustee and beneficiary of the Trust, were necessary parties to the quiet title action.

Defendant, however, contends that Plaintiffs do not qualify as necessary parties in the prior quiet title suit because Plaintiffs' interests in the subject property are conjectural and remote. Specifically, Defendant explains that Plaintiffs have no cognizable interest in the subject property under Missouri law because Donald and Defendant held the property as tenants by the

9

entirety.  We have no quarrel with Defendant's contention that property that is held as a tenancy by the entirety passes to a surviving spouse and, therefore, Plaintiffs' claim to a one-half interest in the title to the property seems dubious.  *See Clements v. Kolie*, 882 S.W.2d 299, 300 (Mo. App. S.D. 1994) ("[T]enants by the entireties are seized *per tout et non per my*[;] [d]uring their joint lifetime, neither tenant may make a valid conveyance which affects the rights of the other[;] [and on] the death of one tenant by the entireties, the entire estate passes to the survivor . . . .").[6] Nonetheless, Donald executed a recorded instrument conveying his one-half interest in the property to Plaintiffs, meaning that Plaintiffs' interests are much more than remote or conjectural—their interests were affected by the outcome of the quiet title action.  Further, Plaintiffs' chances of prevailing in the prior quiet title suit are not relevant to the necessary party analysis and Defendant cites no authority that it is incumbent on a court to consider a party's likelihood of success or defeat in a lawsuit when considering whether a party is a necessary party.

Here, Plaintiffs had a claimed interest related to the alleged Trust property in the quiet title action because the General Warranty Deed purported to grant the Trust a one-half interest in the property.  Disposition of the quiet title action did, as a practical matter, determine Plaintiffs' legal rights, if any, to the property.  Thus, it cannot be said that Plaintiffs' interests are remote or conjectural, as the outcome of the quiet title suit impaired their direct claim to the property by operation of the 2008 judgment.  *See Moschenross* 188 S.W.3d at 25.  Accordingly, Plaintiffs were necessary parties to the prior quiet title action.

---

[6] We note that Plaintiffs raise a number of novel legal theories to attack Defendant's right to title.  These substantive arguments are not properly before the Court in this declaratory judgment action.  We merely mention Defendant's reference to substantive property law because Defendant raises it in relation to the necessary party analysis.

b. Indispensable Parties

Because we have concluded that Plaintiffs were necessary parties to the prior quiet title suit, we next consider whether Plaintiffs were indispensable parties. Missouri courts have recognized that "when title to real estate is in question, all claimants of record title are indispensable parties." *See, e.g., Heitz v. Kunkel*, 879 S.W.2d 770, 772 (Mo. App. S.D. 1994) (citation and quotations omitted). Plainly, the prior quiet title action directly affected title to the subject real property, by declaring that title to the property vested in Defendant and not the Trust. As a result of the 2008 judgment, Plaintiffs lost any rights that may have existed before the judgment. Because the quiet title action adjudicated title to real estate and because Plaintiffs had an alleged claim of record title, through Donald's execution of the General Warranty Deed that conveyed his one-half interest in the property to the Trust, Plaintiffs, as trustee and primary beneficiaries of the Trust, were necessarily indispensable parties.[7]

Notwithstanding our conclusion, Defendant argues that Plaintiffs were not indispensable parties because, under Rule 52.04(b), they could have been joined in the prior suit and "equity and good conscience" did not require Plaintiffs' joinder. While Plaintiffs could have intervened in the quiet title action before the 2008 judgment entered, there is no question that the trial court lost jurisdiction before it acted on Plaintiff Spicer's motion to dismiss. *See Spicer I*, 336 S.W.3d at 470-71. It follows that Plaintiffs cannot be added as parties to the prior suit. Certainly, if the trial court had acted sooner on Plaintiff Spicer's motion, Plaintiffs may have been made parties, but the trial court's failure to do so before it lost jurisdiction was no fault of Plaintiffs. Under these unique circumstances, Plaintiffs cannot be made parties to the prior quiet title action.

---

[7] At oral argument, Defendant's counsel argued that Plaintiffs are not claimants of record title because, in *Spicer I*, Plaintiffs presented no evidence that the General Warranty Deed was recorded with the recorder of deeds. However, Defendant's Petition to Quiet Title in *Spicer I* concedes that the General Warranty Deed was "recorded with the St. Louis County Recorder of Deeds on or about June 20, 2007 in Book 17587 Page 1423."

Nor do concerns of "equity and good conscience" indicate that the quiet title suit should have proceeded in Plaintiffs' absence. This inquiry involves a consideration of the four factors under Rule 52.04(b). Here, any judgment entered in Plaintiffs absence would be prejudicial to Plaintiffs, as the relief Defendant requested in the quiet title action—that title be vested solely in Defendant—directly impacted Plaintiffs' claim to the subject property. This prejudice could not reasonably be lessened or avoided through any type of protective provision in the judgment. Further, a judgment entered in Plaintiffs' absence was inadequate, it being a general rule that a court's judgment does not bind a person not before the court, *see, e.g., Epstein*, 316 S.W.3d at 460, and any such judgment would fail to establish a clear right to title, *see Polette v. Williams*, 456 S.W.2d 328, 333 (Mo. 1970) (in litigation involving title to real estate, "all interested parties must be bound by any judgment in order to establish a clear title"). Finally, Defendant has an adequate remedy at law, which is to initiate another quiet title suit naming the correct parties as defendants.

We are aware of the unfairness to Defendant that will stem from a declaration that the 2008 judgment is void for failure to join Plaintiffs as parties. Primarily, Defendant points out that she was not aware of the Trust's beneficiaries' identities despite making oral requests to Plaintiffs for that information, that Plaintiffs' allegedly knew about the lawsuit but did not intervene until after the 2008 judgment entered, and that ultimately Defendant will incur additional expense by having to relitigate her claim. Defendant, however, is not entirely faultless. Defendant failed to name the proper parties to the quiet title action, despite well-established law that a trust lacks the legal capacity to be sued and that the proper parties to name are a trust's trustee and beneficiaries. Moreover, nothing in the record indicates that Defendant was prevented from obtaining the Trust documents through formal discovery or from listing the

Trust's trustee and beneficiaries as "John Does" in the original petition to perfect her claim to clear title. Notwithstanding these circumstances, the four factors we must consider as provided in Rule 52.04(b) do not encompass the type of inequities Defendant raises—the only factor to consider inequity to a plaintiff in considering whether to dismiss an action for failure to join a necessary party is whether the plaintiff will maintain an adequate remedy at law. Defendant has not alleged that no adequate remedy at law exists.

Accordingly, we conclude that Plaintiffs were necessary and indispensable parties to the prior quiet title action. Because Plaintiffs were never joined as parties to that action, the 2008 judgment is void. *See Jones*, 285 S.W.3d at 362; *Bauer*, 198 S.W.3d at 164.

*Applicability of Preclusion Doctrines*

The remaining question, which both parties address, albeit in relation to Plaintiffs' other points relied on, is whether res judicata or virtual representation applies to make the 2008 judgment applicable to Plaintiffs.[8] Plaintiffs assert that the doctrine of virtual representation should not be applied to make the 2008 judgment applicable to them. Defendant responds that res judicata should apply to bar relitigation of this matter because the "four identities" are met and that virtual representation applies for this same reason.

As noted, it is the general rule in Missouri that res judicata, while applicable to a judgment that is merely erroneous, does not apply to a judgment that is void. *See Berry*, 362 S.W.2d at 517 ("A void judgment may not be used as the basis for the application of [the] doctrine [of res judicata]."); *St. Bethel Missionary Baptist Church, Inc. v. St. Louis Builders, Inc.*, 388 S.W.2d 776, 780 (Mo. 1965) ("[A]n erroneous judgment has the same effect as to *res judicata* as a correct one.") (emphasis in original). This is because a void judgment "is a nullity,

---

[8] Although this issue is not properly encompassed by Plaintiffs' first point relied on, we believe it necessary to address the applicability of these doctrines to determine the effect of a void judgment.

13

without any force and effect whatever," and cannot, by definition, have res judicata effect. *McIntosh v. Wiggins*, 204 S.W.2d 770, 772 (Mo. 1947). It follows that void judgments are generally subject to collateral attack. *See Worley*, 19 S.W.3d at 130.

Here, the necessary and indispensable parties in the prior quiet title action, *i.e.*, Plaintiffs, were never joined in that suit and, consequently, the trial court lacked jurisdiction to enter the 2008 judgment and the judgment is void. *See Jones*, 285 S.W.3d at 362; *Bauer*, 198 S.W.3d at 164. Because the judgment is void, res judicata is inapplicable regardless of whether the four identities are met and that doctrine cannot be applied to bind Plaintiffs to the judgment. *See Berry*, 362 S.W.2d at 517. Defendant's contention that res judicata applies lacks merit.

We believe the same rationale applies to the doctrine of virtual representation, although we are not aware of a Missouri case holding that the doctrine of virtual representation does not apply to void judgments. But, even assuming *arguendo* that virtual representation applied to void judgments, we would nonetheless conclude that that doctrine is inapplicable to the instant case. As noted, virtual representation is a judge-made preclusion doctrine. *See KCAF Investors, L.L.C.*, 414 S.W.3d at 487. The doctrine applies to preclude relitigation of a claim if "the interest of the represented and the representative are so identical that the inducement and desire to protect the common interest may be assumed to be the same in each and if there can be no adversity of interest between them." *Drainage Dist. Reformed v. Matthews*, 234 S.W.2d 567, 574 (Mo. 1950). The trial court applied the principle in the instant case, reasoning that "[Plaintiffs'] interests were by way of the Trust, and the Trust consented to the jurisdiction of Quiet Title action brought by [Defendant], and filed responses for it."

While this doctrine has been applied to probate disputes, Missouri courts have recognized that application of the doctrine in this context is premised on convenience and necessity and,

14

accordingly, have limited its application to bind unborn and minor contingent beneficiaries to a prior judgment. *See Brown v. Bibb*, 201 S.W.2d 370 (Mo. 1947); *Noyes v. Stewart*, 235 S.W.2d 333 (Mo. 1950); *Bolin v. Anders*, 559 S.W.2d 235 (Mo. App. 1977); *In re Estate of Remmele*, 853 S.W.2d 476 (Mo. App. W.D. 1993). No binding Missouri case, to our knowledge, has applied the doctrine to bind a primary beneficiary or trustee to a prior judgment of which they were not parties. Under the present circumstances, the rationale for application of the doctrine is lacking. Because the doctrine of virtual representation in the context of probate disputes applies to non-parties that hold *contingent future interests*, the trial court erred by applying the doctrine to Plaintiffs, the trustee and primary beneficiaries of the Trust.

Because the 2008 judgment is void and the doctrine of virtual representation is otherwise inapplicable, the 2008 judgment has no preclusive effect and must be set aside. The trial court erred when it extended the 2008 judgment to apply to Plaintiffs who were necessary and indispensable parties, but were non-parties, to the prior quiet title action. Because Point I is dispositive, we need not consider Plaintiffs' other points. Point I granted.

## Conclusion

The judgment of the trial court is reversed and remanded for the trial court to enter judgment in Plaintiffs' favor.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.