

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| TABATHA MOORE, | ) | No. ED111163 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| v. | ) | Cause No. 18SF-CC00038 |
| | ) | |
| DENNIS CROCKER and ONE STOP MUFFLER, | ) | Honorable Patrick L. King |
| | ) | |
| Appellants. | ) | Filed: June 27, 2023 |

### Introduction

Dennis Crocker and One Stop Muffler ("Appellants") appeal from the circuit court's order denying Appellants' motions to set aside the default judgment entered against them and in favor of Tabatha Moore. Because Appellants waived the issues raised on appeal, we affirm.

### Factual & Procedural Background

The procedural posture of this case is less than ideal. In March of 2021, Tabatha Moore sued Appellants for breach of contract and either conversion or replevin. Moore's lawsuit alleged that she brought her car into Appellants' business for repairs and, rather than fixing it, Appellants caused additional damage, rendered the car inoperable, and refused to return it. On May 8, 2021, a special process server delivered two summonses to Crocker; one was issued to Crocker

individually, and the other issued to One Stop Muffler. Neither Appellant filed an answer or responsive pleading. Accordingly, Moore filed a motion for default judgment and a notice of hearing. Appellants did not appear when the circuit court heard the matter on July 12, 2021.

Following the hearing, but before the circuit court entered a default judgment, counsel entered an appearance on behalf of Appellants and filed a "Motion to Set Aside Default and/or to Set Aside any Default Judgment" under Rule 74.05(d).[1] In the motion, Appellants alleged that they "inadvertently failed to contact an attorney to enter an appearance in this case because the Summons did not specify a specific appearance date[.]" Appellants also claimed that they had a "meritorious defense" and requested that the circuit court "permit them to defend [the] case on the merits." Appellants did not contest the validity of service in this motion.

The next day, Appellants filed a document titled "Supplement to Defendant's Motion to Set Aside Default and/or Any Default Judgment." In the Supplement, Appellants argued that Crocker had not been personally served. Appellants acknowledged that Crocker had been given two summonses, one for Crocker and for One Stop Muffler. Nevertheless, the Supplement asserted that Crocker had not been personally served because the affidavit of service for the summons directed to Crocker stated it had been delivered to "One Stop Muffler R/A Dennis Crocker," rather than to Crocker individually.

Appellants did not file a notice of hearing with the motion or the supplement, and the record shows no other efforts to bring the motion before the circuit court. For more than two months, Appellants took no other action in the suit. Without ruling on the motion, the circuit court entered a default judgment against Appellants on October 6, 2021, awarding Moore $35,900 in damages and $1,500 for costs and attorney fees. Appellants then appealed directly from the default

---

[1] All rule references are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.

judgment. This Court dismissed the appeal, holding that a direct appeal from a default judgment, as opposed to the denial of a motion to set aside, is generally impermissible. *Moore v. Crocker*, 643 S.W.3d 926, 929 (Mo. App. E.D. 2022).

After this Court issued its opinion, but before it issued its mandate, Appellants filed a "Motion to Vacate the Default Judgment of October 6, 2021 pursuant to Supreme Court Rule 74.06(b)" in the circuit court. Appellants claimed that Moore was a co-owner of the vehicle and therefore lacked standing to sue without joinder of the other owner, that One Stop Muffler was a "non-entity" that was not subject to suit, and that Crocker was not served in his individual capacity before the default hearing. The Court held a hearing on this motion and the motion to set aside filed before the default judgment.

After the hearing, Appellants filed a "Motion to Vacate the Default Judgment of October 6, 2021 pursuant to Rule 74.05(d)." This motion argued for the first time that the summonses served on Appellants were ineffective because the use of a private process server had not been approved by the circuit court. Appellants also argued that Moore did not sustain any damages because her vehicle was repossessed four days after the hearing on the default judgment. Appellant attached an affidavit from Crocker to support the final motion.

The circuit court denied Appellants' motions to vacate the default judgment and concluded that Appellants failed to prove entitlement to relief under Rule 74.05(d) and Rule 74.06(b). This appeal follows.

**Standard of Review**

"When a party argues a default judgment should be vacated because it was void on jurisdictional grounds, the issue is a question of law that we review independently on appeal." *Hinton v. Proctor & Schwartz, Inc.*, 99 S.W.3d 454, 461 (Mo. App. E.D. 2003).

**Discussion**

Appellants raise four points on appeal. Appellants' first three points argue that the circuit court erred in denying the motions to vacate the default judgment because the court lacked personal jurisdiction over Appellants at the time of the hearing on July 12, 2021. Specifically, Appellants argue that the circuit court lacked personal jurisdiction because the summonses and petition were served by an unappointed private process server, Crocker was not served in his individual capacity, and counsel did not enter an appearance until after the hearing. Finally, in their fourth point, Appellants argue that the circuit court erred in denying the motions to vacate the default judgment because Moore lacked standing to sue in replevin without joinder of an alleged joint owner of the vehicle. We find that Appellants waived the issues raised on appeal.

**Personal Jurisdiction**

Personal jurisdiction is "the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests." *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). A "judgment rendered by a court without personal jurisdiction over the defendant is void and may be attacked collaterally." *Crouch v. Crouch*, 641 S.W.2d 86, 90 (Mo. banc 1982). "Proper service of process is a prerequisite to personal jurisdiction." *Killingham v. Killingham*, 530 S.W.3d 633, 635 (Mo. App. E.D. 2017).

Because personal jurisdiction is a "personal privilege," it is waived if not raised at the first opportunity. *State ex rel. Lambert v. Flynn*, 154 S.W.2d 52, 57 (Mo. banc 1941); *Interest of A.R.B.*, 586 S.W.3d 846, 859 (Mo. App. W.D. 2019). If the defendant seeks affirmative relief prior to raising the issue, any challenge to personal jurisdiction, sufficiency of process, or sufficiency of service of process is waived. *Clark v. Clark*, 926 S.W.2d 123, 126 (Mo. App. W.D. 1996). In other

4

words, by taking action inconsistent with a claim of lack of personal jurisdiction, a party is deemed to have submitted to the court's authority. *A.R.B.*, 586 S.W.3d at 859.

This basic principle applies equally to motions to set aside default judgments under Rules 74.05 and 74.06. This Court's opinion in *Hinton v. Proctor & Schwartz* is directly on point. *See* 99 S.W.3d at 461. After the circuit court entered a default judgment in *Hinton*, the defendants filed a motion to vacate under Rule 74.05(d). *Id* at 457. The defendants did not contest personal jurisdiction in that motion. *Id*. at 461. Later, the defendants filed a motion for relief from the default judgment pursuant to Rule 74.06(b)(4) arguing that the judgment was void because the court lacked personal jurisdiction. *Id* at 460. On appeal, this Court concluded that the failure to include claims regarding personal jurisdiction in the first filed motion waived any claims that the judgment was void for lacking personal jurisdiction. *Id.* at 461. Rather than raising issues of personal jurisdiction, the defendants had first "sought affirmative relief in the form of setting aside the default judgment because of good cause shown and the existence of meritorious defenses." *Id.* Having done so, the defendants waived any claim of lack of personal jurisdiction. *Id.*

Similarly, Appellants here waived any objection to the court's personal jurisdiction when they filed their initial "Motion to Set Aside Default and/or to Set Aside any Default Judgment" and argued only that the motion should be set aside because Appellants had good cause for not answering and a meritorious defense. Not only did Appellants' initial motion omit any objection to the court's exercise of personal jurisdiction or the sufficiency of service, but it also acknowledged that Appellants had received the summonses and argued the circuit court should "permit them to defend [the] case on the merits."

We are mindful that the day after filing their initial motion to vacate the default judgment, Appellants filed a document purporting to supplement that motion to add claims that Appellant

Crocker had not received a copy of the summons in his "individual capacity." But the law requires that such a claim be raised at the earliest opportunity or it is waived. *A.R.B.*, 586 S.W.3d at 859; *Hinton*, 99 S.W.3d at 461; *see also McGee ex rel. McGee v. City of Pine Lawn*, 405 S.W.3d 582, 587 (Mo. App. E.D. 2013) ("Because the [defendant's] motion to set aside failed to challenge the [circuit] court's personal jurisdiction over the [defendant], it has waived its right to challenge the default judgment based on lack of personal jurisdiction"); Rule 55.27(g)(1) (stating that claims related to personal jurisdiction and service of process are waived if not included in an answer or any responsive pleading). As a result, we conclude that Appellants waived any challenge to personal jurisdiction and the circuit court did not err in denying Appellants motions to vacate or set aside the judgment.[2]

Appellant's first three points are denied.

### Standing and Joinder of a Necessary Party

In their final point on appeal, Appellants argue that the circuit court erred in denying the motions to vacate the default judgment because Moore lacked standing to bring suit in that she failed to join a party necessary to the resolution of the matter. More specifically, Appellants argue that Moore should have joined an individual that Appellants allege co-owned Moore's car. In the absence of this necessary party, Appellants allege Moore lacked standing to sue.

Appellants incorrectly identify the issue as one of standing. The concept of standing "requires that a party have a personal stake arising from a threatened or actual injury." *See Schweich v. Nixon*, 408 S.W.3d 769, 774 (Mo. banc 2013) (internal quotation marks and citation omitted). In other words, to show standing to bring a lawsuit, a litigant must show that they have

---

[2] Even if we considered the argument that the court lacked personal jurisdiction over Crocker because he was not served in his personal capacity, we would be unable to overlook the fact that he has acknowledged receiving a summons directed to "Dennis Crocker," regardless of what title the process server used for Crocker in the affidavit.

a legally protectable interest and that an actual controversy exists. *Id.* at 773-74. Here, there is no legitimate question that Moore has standing. She alleged that Appellants damaged and then withheld her car. This shows both a legally protectable interest and an active controversy.

What Appellants truly argue is that the judgment is void due to Moore's alleged failure to join a necessary party as required by Rule 52.04. That rule governs when a party should be added to ensure a complete adjudication among all proper parties. Under Rule 52.04(a), "a person may be considered a necessary party if (1) in the person's absence complete relief cannot be afforded or (2) the person claims an interest in the subject matter, and disposition of the matter in the person's absence may impede the protection of that interest or subject the person to multiple or inconsistent obligations." *Edmunds v. Sigma Chapter of Alpha Kappa*, 87 S.W.3d 21, 27 (Mo. App. W.D. 2002). If a non-party is deemed to be a necessary party, the court then determines whether the party is an "indispensable party." *Id.* "An indispensable party is a necessary party who cannot feasibly be joined at the time but whose absence is so critical that equity and good conscience will not permit the matter to proceed without that party." *Id.* Rule 52.04(b) sets forth the factors to be considered in determining whether a non-party is an indispensable party to a lawsuit. *Id.*

This Court has described the presence of all indispensable parties as a "jurisdictional requirement." *Pauli v. Spicer*, 445 S.W.3d 667, 673 (Mo. App. E.D. 2014) (internal quotation marks and citation omitted). This statement is premised on the idea that, if a party is not joined in an action, then the Court cannot exercise personal jurisdiction over the non-joined party. *Id.* This concern flows from the due process rights of the non-joined party. *Id.* at 674. It is for this reason

that, in *Pauli v. Spicer*, this Court held that two individuals who were not joined in an action to quiet title of real estate were not bound by the results of the action. *Id.* at 676–77.[3]

The non-joinder of *necessary* parties, however, has historically been treated as waivable. This Court has consistently held that "[t]he absence of a necessary party is not fatal to jurisdiction." *Edmunds*, 87 S.W.3d at 27. Instead, the remedy for the failure to join a necessary, but not indispensable party, is "by motion to add a necessary party rather than by a motion to dismiss." *Id.* "'Academically, a claim that one is a necessary party is subject to waiver, and a failure to raise the matter either by way of a motion under Rule 55.27 or by alleging same in a responsive pleading constitutes an effective waiver.'" *Geier v. Sierra Bay Development, LLC*, 528 S.W.3d 51, 58 (Mo. App. S.D. 2017) (quoting *C & M Developers, Inc. v. Berbiglia, Inc.*, 585 S.W.2d 176, 182 (Mo. App. 1979)).

Seven decades ago, the Supreme Court of Missouri rejected an argument similar to the one made by Appellants here. In *Casper v. Lee*, the plaintiff filed suit to set aside a foreclosure sale held under a deed of trust. 245 S.W.2d 132, 135 (Mo. banc 1952). The defendant failed to file an answer after being served with a summons, and the circuit court entered a default judgment. *Id.* The defendant then moved to set aside the judgment, arguing that the trustee listed on the deed of trust was a "necessary and indispensable party" that was not joined in the action thereby nullifying the judgment. *Id.* at 138. On appeal, the Supreme Court held that the failure to join a necessary party is an objection that can be raised by motion and failure to timely do so constitutes a waiver

---

[3] The concern regarding due process does not necessarily extend to defendants, such as Appellants here, who are parties to the case and given the opportunity to respond and raise the issue of other necessary and indispensable parties. Failure of the defendant to assert the defendant's own rights is not a failure of due process; it is a failure of the defendant.

of that objection. *Id.* at 139. The Court then held that "the failure to join the trustee as a party defendant was not an irregularity justifying the setting aside of the judgment." *Id.*[4]

Here, Appellants have not argued that the co-owner of Moore's car was an indispensable party, nor have they alleged or presented any evidence that his joinder would have been infeasible as required by Rule 52.04(b). As a result, Appellants waived any argument regarding non-joinder of a necessary party by failing to raise it before the circuit court entered the default judgment. Rule 55.27(g)(2). Per the Supreme Court's direction in *Casper*, the failure to join the co-owner of Moore's car "was not an irregularity justifying the setting aside of the judgment" against Appellants. *See* 245 S.W.2d at 139.

Point four is denied.

### Conclusion

For the foregoing reasons, the judgment is affirmed.

_____
John P. Torbitzky, J.

Gary M. Gaertner, Jr., P.J., and
Cristian M. Stevens, J., concur.

---

[4] The holding in *Casper* does not distinguish between necessary and indispensable parties, suggesting that, regardless of whether a party is considered necessary or indispensable, the failure of the defendant to object will waive the argument, at least to that defendant. This conclusion is also supported by the 2011 Amendment to Rule 55.27(g)(2). *Empire District Electric Company v. Coverdell*, 484 S.W.3d 1, 26 n.28 (Mo. App. S.D. 2015). The prior version of that provision stated "A defense of . . . failure to join a party indispensable under Rule 52.04 . . . may be made in any pleading permitted or ordered under Rule 55.01, or by motion for judgment on the pleadings, or at the trial on the merits, or on appeal." *See* Rule 55.27(g)(2) (2010). In 2011, the Supreme Court amended the rule to delete "or at the trial on the merits, or on appeal," providing authority for the premise that the failure to join even an indispensable party is waived if not raised before a trial on the merits. *Empire Electric District Company*, 484 S.W.3d at 26 n.28.